**Dated: January 9, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| CASHE KAWIKA GRAHAM ) | Case No. 18-15198-SAH |
| and KATIE LORRAINE GRAHAM, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

### ORDER DENYING MOTION FOR EXEMPTION OF CREDIT COUNSELING COURSE WITH BRIEF IN SUPPORT [DOC. 10] AND DISMISSING DEBTOR CASHE KAWIKA GRAHAM FROM THIS CASE FOR FAILURE TO COMPLY WITH 11 U.S.C. § 109(h)(1)

The above-captioned bankruptcy case was filed on December 18, 2018 (the "Petition Date"), by debtors Cashe Kawika Graham ("Cashe") and Katie Lorraine Graham ("Katie"). Title 11 U.S.C. § 109(h)(1) provides that, for an individual to qualify as a debtor, the individual must complete a credit counseling course during the 180-day period ending on the Petition Date. On the Petition Date, Katie filed a Certificate of [Credit] Counseling [Doc. 4] for counseling timely received on December 17, 2018. However, on the chapter 7 petition [Doc. 1], Cashe indicated he is not required to receive the credit counseling, and checked the box that states "My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the

internet, even after I reasonably tried to do so." Additionally, the petition states Cashe's place of residence as the Pottawatomie County Public Safety Center in Shawnee, Oklahoma.

Therefore, on December 19, 2018, the Court entered its Order Directing Joint Debtor to Show Cause Why He Should Not Be Dismissed From This Case [Doc. 7], for failure to timely complete a credit counseling class, and giving Debtor until January 2, 2019, to file a response thereto. Cashe responded by filing his Motion for Exemption from Credit Counseling Course with Brief in Support (the "Motion") on January 2, 2019 [Doc. 10], and through counsel, appeared at the hearing held on January 9, 2019. In his Motion and at the hearing, Cashe argued that he is not required to take the credit counseling course because he "is being physically held and controlled by law enforcement officials in Pottawatomie County [and] is not able to complete the required class due to the policies and procedures of the correctional facility in which he is currently held." Motion at ¶2. The Court disagrees.

Numerous courts have held that absolute compliance with Section 109(h)(1) is required. See In re Gaddis, 2007 WL 1610783 (Bankr. D. Kan. 2007). Therefore, courts have concluded they have little or no authority to waive or overlook non-compliance, In re Giles, 361 B.R. 212-215 (Bankr D. Utah 2007), and that a case must be dismissed if the credit counseling requirement is not met prior to filing petition. In re Hancock, 2015 WL 1292387 (Bankr. W.D. Okla. 2015). However, Section 109(h)(4) provides exceptions to the credit counseling requirement on account of a debtor's incapacity, disability, or active military duty in a military combat zone.

Here, Cashe is incarcerated and seeks an exception on the basis of physical disability. But as explained on the record in open Court, Cashe does not qualify for the exception provided

in 11 U.S.C. § 109(h)(4) because incarceration is not the equivalent of physical disability. Section 109(h)(4) itself states that "'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1)." The overwhelming majority of courts to address the issue have concluded that incarceration does not amount to a disability. See, e.g., In re Hubel, 395 B.R. 823, 825 (N.D. N.Y. 2008); In re Hemminger, 2015 WL 1593655, *2 (Bankr. N.D. Ohio 2015); In re Oliver, 2013 WL 1403336, *2 (Bankr. S.D. Ga. 2013). As explained by the Sixth Circuit Bankruptcy Appellate Panel, a debtor's incarceration "is not within the meaning of 'disability' intended by Congress when they drafted § 109(h)(4), and therefore [an incarcerated] debtor does not meet the exception for permanent waiver pursuant to § 109(h)(4)." In re Anderson, 397 B.R. 363, 366 (6th Cir. BAP 2008) (quoting In re Star, 341 B.R. 830, 831 (Bankr. E.D. Va. 2006)).

Accordingly, the Motion is DENIED. Because Cashe failed to complete a credit counseling course during the 180-day period **ending** on the Petition Date, he is ineligible to be a debtor pursuant to 11 U.S.C. § 109(h)(1). Therefore, debtor Cashe Kawika Graham is DISMISSED from this case.

IT IS SO ORDERED.

# # #